UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ESKENDER GETACHEW,<br><br>　　　　Defendant. | Case No. 2:22-cr-068<br><br>Judge Michael H. Watson |

### FINAL PRETRIAL ORDER

The Court held the Final Pretrial Conference on Tuesday, May 30, 2023.

**I.　Appearances:**

　　A. For the Government: Timothy Landry, Samantha Stagias, Alexis Gregorian

　　B. For Defendant: Mark O'Brien

**II.　Nature of Action and Jurisdiction:**

　　A. This is a criminal action under 21 U.S.C. § 841(a)(1).

　　B. The jurisdiction of the Court is invoked under 18 U.S.C. § 3231.

　　C. The jurisdiction of the Court is not disputed.

**III.　Trial Information:**

　　A. The estimated length of trial is nine days.

　　B. Jury Trial is set for June 12, 2023 at 9:00 a.m. with 12 jurors.

IV. **Agreed Statements and Lists:**

A. General Nature of the Claims of the Parties

1. Government Claims: Defendant unlawfully distributed controlled substances, in violation of 21 U.S.C. § 841(a)(1).

2. Defendant Claims: not guilty

B. Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel:

1. Defendant is, and at all times relevant to this matter was, a physician licensed to practice medicine in the State of Ohio, holding State of Ohio Medical Board license number 35-086201.

2. Defendant is, and at all times relevant to this matter was, licensed by the U.S. Department of Justice, Drug Enforcement Administration, to distribute schedule 2, 2N, 3, 3N, 4 and 5 controlled substances, holding DEA registration number BG9291282, under the Controlled Substances Act.

C. Contested Issues of Fact and Law

1. Contested Issues of Fact: The contested issues of fact remaining for determination are:

    The United States has the burden of proving the charged offenses beyond a reasonable doubt.

2. Contested Issues of Law: The contested issues of law in addition to those implicit in the foregoing issues of fact are:

    (None)

D. Witnesses

1. Plaintiff/Government will call the following fact witnesses at trial, who will testify to the following facts (attach additional pages as

an Appendix if necessary. For each witness, list the name and a fulsome description of the facts to which that witness will testify):

- Natalie Gray: Former State of Ohio Board of Pharmacy investigator; will testify about her initial investigation of Defendant when he applied for a license, including her interviews of Defendant.

- Michelle Holley: Former employee of Defendant; will testify about Defendant's ownership and control over the medical practice, the manner in which Defendant received and maintained patients, Defendant's treatment practices, his interactions with patients, and the extent to which he used and incorporated urine drug testing and counseling into the practices.

- Heather Hire (or another similar witness): Representative from Ohio Department of Medicaid; will testify regarding Ohio Department of Medicaid's required prior authorization forms for substance abuse disorder treatment, generally, and specifically the prior authorization forms that Defendant submitted for patient D.M.

- Carrie Ryan: Ohio Attorney General's Office agent; will testify regarding her undercover visits to Defendant's office, in which she posed as a patient.

- Ryan Houston: United States Department of Health and Human Services Office of Inspector General agent; will testify regarding evidence seized during a search of Defendant's medical office.

- Danielle Thompson: State Medical Board of Ohio investigator; will testify regarding her interview of Defendant.

- Kevin French: Former patient of Defendant's; will testify regarding his experience as Defendant's patient.

2. Defendant will call the following fact witnesses at trial, who will testify to the following facts (attach additional pages as an Appendix if necessary. For each witness, list the name and a fulsome description of the facts to which that witness will

testify):

- Eskender Getachew: Defendant will testify regarding his treatment of his patients and his rationale for prescribing the medications he is accused of illegally prescribing.

- Karrie Cropper: Defendant's former employee, a therapist who counseled Defendant's patients in his office based opioid treatment program, will testify regarding Defendant's treatment of his patients in such treatment program.

- Dan Cooper: Defendant's former employee, a therapist who counseled Defendant's patients in his office based opioid treatment program, will testify regarding Defendant's treatment of his patients in such treatment program. (Defendant's former employee)

- Kyle Dixon: Former patient of Defendant's; will testify regarding his experience as Defendant's patient.

- Kimberly Brozak: Nurse practitioner who formerly treated Getachew patient R.C. will testify as to her treatment of R.C.

- Duane Mast: Physician who formerly treated Getachew patient R.C. will testify as to his treatment of R.C.

- Rebecca Snader: Physician who formerly treated Getachew patient R.C. will testify as to her treatment of R.C.

- Paul Sresthadatta: Physician who formerly treated Getachew patients R.C. and T.C. will testify as to his treatment of R.C. and T.C.

- Ashura Crosby: Nurse practitioner who formerly treated Getachew patient T.C. will testify as to her treatment of T.C.

- Robert Masone: Physician who formerly treated Getachew patient T.C. will testify as to his treatment of T.C.

- Steven Cox: Physician who formerly treated Getachew patient T.C. will testify as to his treatment of T.C.

- Joyce Cox: Nurse practitioner who formerly treated Getachew patient T.C. will testify as to her treatment of T.C.

- Michael Shetter: Physician assistant who formerly treated Getachew patient T.C. will testify as to his treatment of T.C.

- James Guenther: Physician who formerly treated Getachew patient T.C. will testify as to his treatment of T.C.

- Suzzane King: Physician assistant who formerly treated Getachew patient T.C. will testify as to her treatment of T.C.

- Leroy Varney: Physician who formerly treated Getachew patient T.C. will testify as to his treatment of T.C.

- Lindsay Mackey: Nurse practitioner who formerly treated Getachew patient T.C. will testify as to her treatment of T.C.

- Shelley Brown: Nurse practitioner who formerly treated Getachew patient T.C. will testify as to her treatment of T.C.

- Ranjana Sinha: Physician who formerly treated Getachew patient K.D. will testify as to his treatment of K.D.

- Radhaika Gollapudy: Physician who formerly treated Getachew patient K.D. will testify as to his treatment of K.D.

- Norman Schwartz: Physician who formerly treated Getachew patient K.D. will testify as to his treatment of K.D.

- Donald Woodard: Physician who formerly treated Getachew patient K.D. will testify as to his treatment of K.D.

3. The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without

          prior notice to opposing counsel.

    4. In the event other witnesses are to be called at trial, a statement of their names and addresses and a summary of their testimony will be served upon opposing counsel and filed with the Court at least one day prior to trial.

E. Expert Witnesses

The parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed and reports furnished to opposing counsel and to the Court:

1. Plaintiff / Government (attach additional pages as an Appendix if necessary):

- Dr. Jeanette Moleski, D.O.
- Agent Natalie Gray, formerly of State of Ohio Board of Pharmacy (mixed fact and opinion witness)
- Investigator Danielle Thompson, State Medical Board of Ohio (mixed fact and opinion witness)

2. Defendant (attach additional pages as an Appendix if necessary):

- Dr. James Murphy, M.D.

F. Exhibits

The parties shall attach as Appendices a list of joint exhibits, a list of exhibits the Plaintiff/Government wishes to use but to which Defendant objects, and a list of exhibits the Defendant wishes to use and to which the Plaintiff/Government objects.

G. Depositions

Refer to the Court's standing orders as to how to properly designate deposition testimony that will be offered at trial (attach additional pages as an Appendix if necessary).

(None)

H. Discovery

List any outstanding discovery or discovery disputes and include the date on which discovery was complete.

The Government has provided seven discovery productions, as well as made available to the defense all evidence seized during the search warrant. Any additional discoverable evidence that is obtained during trial preparation will be disclosed promptly to defense counsel.

I. Pending Motions

The following motions are pending at this time:

- Defendant's Omnibus Motion *in Limine* (ECF no. 42; filed 5-22-2023)
- United States' Motions *in Limine* (ECF no. 43; filed 5-22-2023)

V. **Modification:**

This Final Pretrial Order may be modified at trial, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

VI. **Jury Instructions and Trial Briefs:**

Counsel shall be familiar with and follow the Court's standing orders regarding jury instructions. Trial briefs are not permitted unless requested by the Court.

VII. **Settlement Efforts:**

Describe the extent and status of settlement negotiations or any plea offers extended to the Defendant.

On April 21, 2023, counsel for the United States emailed defense counsel to extend a plea offer. The terms of the plea offer were that Defendant plead guilty to Count 1 of the Indictment, and agree to a total offense level of 6, based on the drug weight associated with the prescription charged in Count 1. In return, the United States offered it would dismiss Counts 2-15 and recommend a sentence at the low end of the guideline range (i.e., probation). Counsel for the United States provided a deadline of May 5, 2023 for the defense to respond. The defense did not respond to this plea offer. The United States asked the defense to confirm that the plea offer had been communicated to Defendant and rejected, but received no response. The United States therefore respectfully asks the Court to hold a *Lafler* hearing on this issue at the final pretrial conference.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

## APPENDIX A: JOINT EXHIBIT LIST

| | | |
|---|---|---|
| | 101 | D.M. Patient File |
| | 101.1 | D.M. Chart Notes |
| | 102 | R.C. Patient File |
| | 102.1 | R.C. Physical Patient File |
| | 102.2 | R.C. Chart Notes |
| | 103 | T.C. Patient File |
| | 103.1 | T.C. Physical Patient File |
| | 103.2 | T.C. Chart Notes |
| | 104 | K.F. Patient File |
| | 104.1 | K.F. Physical Patient File |
| | 104.2 | K.F. Chart Notes |
| | 105 | K.D. Patient File |
| | 105.1 | K.D. Physical Patient File |
| | 105.2 | K.D. Chart Notes |
| | | |
| | 201 | D.M. OARRS |
| | 202 | D.M. Buprenorphine/Naloxone Prescription 6/20/2018 |
| | 203 | D.M. Buprenorphine/Naloxone Prescription 8/28/2018 |
| | 204 | R.C. OARRS |
| | 205 | R.C. Buprenorphine Prescription 10/13/2017 |
| | 206 | R.C. Buprenorphine Prescription 6/20/2018 |
| | 207 | R.C. Clonazepam Prescription 6/20/2018 |
| | 208 | T.C. OARRS |
| | 209 | T.C. Buprenorphine Prescription 5/8/2018 |
| | 210 | T.C. Clonazepam Prescription 5/8/2018 |
| | 211 | T.C. Buprenorphine Prescription 6/5/2018 |
| | 212 | K.F. OARRS |

|  | 213 | K.F. Buprenorphine Prescription 10/9/2017 |
|--|-----|-------------------------------------------|
|  | 214 | K.F. Clonazepam Prescription 10/9/2017 |
|  | 215 | K.F. Buprenorphine Prescription 12/7/2017 |
|  | 216 | K.D. OARRS |
|  | 217 | K.D. Updated OARRS |
|  | 218 | K.D. Buprenorphine Prescription 9/7/2018 |
|  | 219 | K.D. Dextroamphetamine Prescription 9/7/2018 |
|  | 220 | K.D. Buprenorphine Prescription 11/6/2018 |
|  | 221 | K.D. Dextroamphetamine Prescription 11/6/2018 |
|  | 301 | 4/17/2018 Phone Call Audio |
|  | 302 | 5/4/2018 Office Visit Audio |
|  | 303 | 5/4/2018 Office Visit Video 1 |
|  | 304 | 5/4/2018 Office Visit Video 2 |
|  | 305 | 5/11/2018 Office Visit Audio |
|  | 306 | 5/11/2018 Office Visit Video 1 |
|  | 307 | 5/11/2018 Office Visit Video 2 |
|  | 308 | 5/23/2018 Office Visit Audio (First Visit) |
|  | 308.1 | 5/23/2018 Office Visit Audio (Second Visit) |
|  | 309 | 5/23/2018 Office Visit Video |
|  | 310 | 6/20/2018 Office Visit Audio |
|  | 311 | 6/20/2018 Office Visit Video 1 |
|  | 312 | 6/20/2018 Office Visit Video 2 |
|  | 313 | 8/14/2018 Call with Karrie Cropper |
|  | 314 | 8/27/2018 Office Visit Audio |
|  | 315 | 8/27/2018 Office Visit Video 1 |
|  | 316 | 8/27/2018 Office Visit Video 2 |
|  | 317 | 8/27/2018 Visit with Rickie LNU |
|  | 318 | 8/28/2018 Office Visit Audio |

|  | 319 | 8/28/2018 Office Visit Video |
|---|---|---|
|  |  |  |
|  | 401 | Dr. Eskender Getachew Interview Audio |
|  | 402 | Addiction Treatment Program Cost Sheet |
|  | 403 | Patient Treatment Contract |
|  | 404 | The Addiction Treatment Program |
|  | 405 | University Sleep Provider Agreement |
|  | 406 | Guidelines for Suboxone |
|  | 407 | Medication Management Agreement |
|  |  |  |
|  | 501 | Dr. Jeanette Moleski, D.O. CV |
|  | 510 | TIP-40 |
|  | 511 | Quick Guide for Physicians Based on TIP 40 |
|  | 512 | FDA Drug Safety Communications - Opioids with Benzodiazepines |
|  | 513 | Dr. James Murphy, M.D. CV |
|  |  |  |
| Government | 320 | UC Prior Authorization Forms - Ohio Medicaid |
| Government | 502 | Dr. Moleski Final Summary |
| Government | 503 | Dr. Moleski Final Thoughts |
| Government | 504 | Dr. Moleski Findings - "D.M." |
| Government | 505 | Dr. Moleski Findings - R.C. |
| Government | 506 | Dr. Moleski Findings - T.C. |
| Government | 507 | Dr. Moleski Findings - K.F. |
| Government | 508 | Dr. Moleski Findings - K.D. |
| Government | 509 | *Summary PowerPoint - Dr. Moleski |
| Government | 514 | Dr. Murphy Report |
|  |  |  |
|  | 601 | E. Getachew Diploma – Purdue University – Pharmacy |
|  | 602 | E. Getachew Diploma – Medical College of Ohio at Toledo – Medicine |

|  | 603 | E. Getachew Certificate – Mount Carmel – Internal Medicine Residency |
|---|---|---|
|  | 604 | E. Getachew Certificate – Cleveland Clinic – Neurology Residency |
|  | 605 | E. Getachew Certificate – University of Texas – Sleep Medicine Fellowship |
|  | 606 | E. Getachew Certificate – Board Certification – Neurology |
|  | 607 | E. Getachew Certificate – Board Certification – Sleep Medicine |
|  | 608 | E. Getachew Certificate – Board Certification – Addiction Medicine |
|  | 609 | E. Getachew License – Ohio State Board of Pharmacy |
|  | 610 | E. Getachew License – Ohio State Medical Board |
|  | 611 | E. Getachew License – Ohio State Medical Board – Renewal Letter |
|  | 612 | E. Getachew License – DEA Controlled Substance Registration – Issued 8/16/17 |
|  | 613 | E. Getachew License – DEA Controlled Substance Registration – Issued 9/16/20 |
|  | 614 | TIP 40 |
|  | 615 | TIP 63 |
|  | 616 | ASAM National Practice Guideline 2015 |
|  | 617 | ASAM National Practice Guideline 2020 |
| Defendant | A | BTOD//REMS 2017 |
| Defendant | B | BTOD/REMS 2022 |

## APPENDIX B: JOINT STATEMENT OF FACTS TO BE READ TO THE JURY

"This is a criminal case. The defendant is Dr. Eskender Getachew. He operated a medical practice named Polaris Wellness and Recovery Center in the Columbus area. He is charged with illegally prescribing controlled substances to five patients on fifteen occasions in 2017 and 2018. He has pled not guilty to these charges."