# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**United States of America,**

**v.**

**Eskender Getachew,**

**Defendant.**

Case No. 2:22-cr-68

Judge Michael H. Watson

## OPINION AND ORDER

Defendant moves for a new trial based on ineffective assistance of counsel during the plea negotiation stage of this case.[1] Mot., ECF No. 89. For the following reasons, Defendant's motion is **DENIED**.

### I. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33(a) provides, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (cleaned up). Although the "paradigmatic use of a Rule 33 motion" involves asserting that a jury's verdict was against the manifest weight of the evidence, the rule also "allows the grant of a new trial where substantial legal error has occurred." *Id.* (citations omitted).

Importantly for this case, a violation of a defendant's "Sixth Amendment right to effective assistance of counsel clearly meets" the "substantial legal error" standard. *Id.* at 373–74 (citations omitted). This is true even when the purported ineffective

---

[1] Such a claim is properly raised in a Rule 33 motion for a new trial. *E.g., United States v. Munoz*, 605 F.3d 359 (6th Cir. 2010).

assistance occurred during the plea negotiation phase of a criminal case and was followed by a fair trial. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) ("[T]he same two-part standard [from *Strickland v. Washington*] seems to us applicable to ineffective-assistance claims arising out of the plea process."); *cf. Missouri v. Frye*, 566 U.S. 134, 143 (2012) ("[P]lea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages."); *Lafler v. Cooper*, 566 U.S. 156, 164 (2012) ("Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence.").

To demonstrate ineffective assistance of counsel under *Strickland*,[2] "a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's performance was prejudicial to the defense[.]" *Id.* at 376 (internal quotation marks and citation omitted). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689.

---

[2] The Sixth Circuit has not yet held whether a level of counsel ineffectiveness that falls short of the ineffectiveness established in *Strickland v. Washington*, 466 U.S. 668 (1984)—what the *Munoz* court termed "ineffective assistance light"—could justify *granting* a new trial under Rule 33. *Munoz*, 605 F.3d at 375–76. But, it is clear that a district court may *deny* a Rule 33 motion based on ineffective assistance of counsel if the defendant cannot satisfy *Strickland*'s standard for ineffectiveness. *Id.* And, Defendant here does not argue that he should prevail under a showing that falls short of the *Strickland* standard. Thus, for purposes of the pending motion, the Court considers whether Defendant can establish that his trial counsel was ineffective under *Strickland*'s standard.

Regarding *Strickland*'s deficient-performance prong, it is well settled that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. Further, the Court may consider "codified standards of professional practice" as "important guides" to defense counsel's duties during the plea negotiation phase of a trial. *Id.* To that end, the Court notes that the American Bar Association ("ABA") recommends that defense counsel, *inter alia*, "explain to the defendant all plea offers . . . [and] advise the defendant of the alternatives available and address considerations deemed important by defense counsel or the defendant in reaching a decision. ABA Standards for Criminal Justice, Pleas of Guilty 14-3.2(a), (b).

Turning to *Strickland*'s "prejudice" prong, in cases where a defendant alleges that counsel's ineffectiveness caused the defendant to reject a plea offer and be convicted at trial, the defendant "must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. That is, a defendant:

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 163–64.

A defendant can presumptively show a reasonable probability that he would have accepted the plea offer "if counsel failed to provide the defendant with an estimated range of the penalties that could result from a trial conviction," and "if the difference between the length of the sentence proposed in the Government's plea offer and the

sentence imposed after a trial conviction was substantial." *Sawaf v. United States*, 570 F. App'x 544, 547 (6th Cir. 2014) (citations omitted). Although such a presumption can be rebutted, a defendant's repeated protestations of innocence throughout the below proceedings are insufficient to rebut it. *Id.* at 549.

## II. ANALYSIS

### A. Deficient Performance

The Court first finds that defense counsel was not deficient. Defense counsel's email communication with Defendant regarding the Government's plea offer is attached as Exhibit A to Defendant's motion. Mot. Ex. A, ECF No. 89-1. The exhibit shows that counsel conveyed the pertinent aspects of the offer, informed Defendant of the anticipated sentence (including, as he must, the caveat that the parties' recommendation would not be binding on the Court) and the possible sentence upon a conviction after trial; informed Defendant that trial was "a risky proposition" and that counsel could not guarantee that Defendant would be acquitted of all counts; informed Defendant to consider the collateral effect a plea of guilty would have on a pending state medical board issue; and ultimately reminded Defendant that his "freedom is at stake" and that counsel "cannot make this decision for [him]." *Id.*

As such, counsel's communication satisfied *Frye*'s requirement that counsel convey plea offers and even satisfied the responsibilities of defense counsel in plea discussions and plea agreements, as established by Standard 14-3.2 of the ABA's Standards for Criminal Justice, Pleas of Guilty, which the Court considers as "guidance." *Available at*

https://www.americanbar.org/groups/criminal_justice/publications/criminal_justice_section_archive/crimjust_standards_guiltypleas_blk/.

Defendant disagrees. He argues that counsel was deficient because the email "fail[ed] to explain the significance of the plea offer and consequences of going to trial." Mot. 10, ECF No. 89. Specifically, Defendant asserts that the email did not explain the "actual likelihood" that the Court would sentence Defendant to a term of probation rather than ten years' imprisonment, and counsel failed to estimate Defendant's likely penalty under the United States Sentencing Guidelines if convicted at trial. *Id.* Defendant also contends that he was rushed into a decision because counsel failed to speak with him about the plea offer over the phone. *Id.* at 11. Finally, Defendant states that counsel failed to advise him about the possible effects a plea or conviction at trial would have on his medical or pharmacy license. *Id.* at 12.

Each contention is unavailing. First, counsel was not ineffective for failing to guess at the likely sentence Defendant would receive. Counsel informed Defendant that, if he accepted the plea offer, the Government's attorney believed Defendant "would probably receive probation – no prison time." *See* Mot. Ex. A, ECF No. 89-1. Moreover, the email accurately advised Defendant that counsel could not promise that Defendant would receive a specific sentence and that "the judge can sentence [him] to whatever punishment he feels is appropriate under federal sentencing guidelines regardless of what the supervising [Government] attorney states or recommends." *Id.* This is an accurate statement, and it surely was not objectively unreasonable for counsel to temper Defendant's expectations by warning Defendant that a recommendation between the parties is only that—a recommendation.

Next, this case is unlike those where courts have found counsel deficient for failing to estimate likely sentencing ranges under the United States Sentencing Guidelines. The Sixth Circuit has said, "[i]n a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the range of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time." Smith v. United States, 348 F.3d 545, 553 (6th Cir. 2003). But, this case is unlike Morris and the others upon which Defendant relies. In Morris, the defendant's lawyer provided the defendant with an estimated guidelines calculation of 62–68 months' imprisonment if he proceeded to trial, but the defendant actually faced 101–111 months' imprisonment under the guidelines if he rejected the plea. See id. at 598. Indeed, as noted below, in the other cases Defendant relies on, counsel either entirely failed to convey a plea offer, failed to inform the defendant of his sentencing exposure upon proceeding to trial, or grossly underestimated the sentencing exposure upon proceeding to trial.

Here, however, counsel provided Defendant with his sentencing exposure upon conviction at trial.[3] Unlike the defendants in the cases he relies on, then, Defendant chose to proceed to trial *knowing* the vast difference in likely sentences he would receive if convicted at trial versus upon pleading guilty. Rejection, ECF No. 89-3 (noting Defendant decided to "take the risk" knowing "the jury situation is the scar[y] part"). Especially where, as here, Defendant faced fifteen charges and it would be impossible to foresee upon which Defendant would be convicted, it was not objectively

---

[3] It makes no difference that counsel's advice may have been slightly incorrect. Regardless of the differences between maximum sentences between Schedule I, II, and III, and IV, the result would have effectively been what defense counsel described—a sentence of life imprisonment.

unreasonable to provide Defendant with a worst-case-scenario sentencing exposure to assist Defendant with his plea decision rather than attempt to estimate upon which charges Defendant would be convicted and upon which he would be acquitted and then try to estimate a guidelines range thereon.

Next, the Court rejects Defendant's argument that it was objectively unreasonable to fail to follow up counsel's email with a telephone conversation. To be sure, it would have been better for counsel to discuss the plea offer via telephone or in person, but the Court cannot say that the failure to do so amounted to deficient performance. First, as noted above, the email was comprehensive. Second, Defendant rejected the offer with five days to spare on the acceptance deadline. See Ex. A, ECF No. 89-1; Ex. C, ECF No. 89-3. Thus, with almost a full week left to consider the offer, Defendant can hardly claim that he was "rush[ed] into a decision" without the ability to speak to counsel first. See Mot. 11, ECF No. 89. Third, Defendant said nothing during the *Lafler* portion of the final pretrial conference about wanting additional time to consult with counsel regarding the plea offer. Thus, the failure to hold a telephone call regarding the offer was not deficient.

Finally, counsel *did* warn Defendant about the effect of a guilty plea on pending state medical board issues and advised Defendant to consider that when deciding whether to accept the plea. Ex. A, ECF No. 89-1.

In sum, counsel *did* promptly communicate the plea offer and *did* so communicate with sufficient time for Defendant to decide whether to accept the offer. He *did* advise Defendant of potential options and outcomes regarding pleading guilty to one count versus potentially being found guilty on fifteen counts as well as the options

and outcomes on the sentences Defendant could face; he also advised Defendant of the potential implications a guilty plea could have on the state medical board issue. At bottom, Defendant's motion reads as a veiled argument that counsel was ineffective for not insisting that Defendant plead guilty. But such an argument lacks merit. *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) (rejecting the contention that a lawyer's failure to insist the client plead guilty due to the overwhelming evidence was deficient performance because "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer."). The Court finds counsel's performance was not deficient.

## B. Prejudice

Further, there was no prejudice. Notably, Defendant never asserts in his moving papers that he would have accepted the plea offer had his counsel done anything differently. There is no affidavit to that effect, no declaration, no mention that Defendant would testify that way if the Court held a hearing; there is not even an unsupported assertion that Defendant would have accepted the plea but for counsel's ineffectiveness.

Rather, instead of contending that he would have accepted the plea, Defendant argues that this is the type of case in which courts *presume* a reasonable probability a defendant would have accepted a plea. He cites *Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003) for support and argues that the disparity between the 0–6 month sentence that the Government would have recommended had he accepted the plea and the 33–41 month guideline sentence he now faces upon conviction of eleven counts warrants applying such a presumption in this case. The Court disagrees.

In instances where a defendant is unaware of a plea offer, and therefore unaware of the large disparity between a sentence he would likely receive upon accepting that offer versus his sentencing exposure upon a guilty conviction at trial, it makes sense to presume that a rational defendant would choose the likelihood of a lesser sentence. Indeed, in the cases Defendant relies upon, the defendants were unaware of the disparity because counsel either utterly failed to convey the plea offer or conveyed the plea offer but failed to advise the defendant of his possible sentencing exposure with trial. *See Sawaf*, 570 F. App'x at 546; *Griffin*, 330 F.3d at 734, 737–38; *Smith*, 348 F.3d at 553; *Dedvukovic v. Martin*, 36 F. App'x 795 (6th Cir. 2002).

That logic disappears, however, when a defendant is advised of the possible sentencing exposure after trial as well as the recommended sentence upon a plea of guilty and still chooses to take his chances at trial. This case illustrates the point. Defense counsel advised Defendant that Defendant would "probably receive probation – no prison time" if he accepted the plea but "could receive a sentence that would essentially place [him] in prison for the remainder of [his] life" if he was convicted on all counts at trial. Mot. Ex. A, ECF No. 89-1. Knowing that, Defendant *still* chose to proceed with trial; yet he now asks the Court to presume that, if counsel had advised him not only that he could face a life sentence but that he would *likely* guideline out to a mere 33–41 months (or some other amount, depending on how many counts he was convicted of), he would have pleaded guilty. It is illogical to assume that the possibility of receiving a less severe sentence than the one he was advised of would have changed his decision.

The Court finds that the presumption does not apply here given that counsel undisputedly advised Defendant of both the possible sentence he could receive upon a conviction after trial and the sentence the Government would recommend upon a plea of guilty.

### III. CONCLUSION

Defense counsel was not deficient. Further, Defendant does not contend that he would have accepted the plea, and the presumption of prejudice does not apply in this case. As the first issue is dispositive, however, there is no need for a *Ginther* hearing even if Defendant had asserted that he would have accepted the plea. Defendant's motion for a new trial, ECF No. 89, is **DENIED**.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**